# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADEGHIAN LOTFABADI SALEH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et. al.,<br><br>Respondents. | Case No.:  26-cv-2132-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Sadeghian Lotfabadi Saleh, a citizen of Iran, crossed the border into the United States on January 9, 2025, and was immediately detained by a Border Patrol officer. ECF No. 1 at 2. He has remained in custody since that time. *Id*. Petitioner applied for asylum, and the immigration judge granted him withholding of removal on December 15, 2025. *Id*. at ¶ 3. Neither Petitioner nor the government reserved appeal. *Id*. at ¶ 3.

On April 3, 2026, Petitioner, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The Court set a briefing schedule and appointed counsel on April 8, 2026.  ECF No. 4.  Petitioner, through counsel, filed an amended petition on April 15, 2026.  ECF No. 8.  On April 22, 2026, Respondents filed a return and Petitioner filed a traverse.  ECF Nos. 10, 11.

## I.      LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.,* 200 F.3d 603, 609 (9th Cir. 1999).

## II.   DISCUSSION

Petitioner contends his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. ECF No. 1 at 3. In response, Respondents do not address Petitioner's assertions of prolonged detention. Instead, Respondents acknowledge that "attempts to identify a third country for Petitioner's removal have not been successful, and there is otherwise no evidence to suggest there is a significant likelihood that Petitioner [will be] removed in the reasonably foreseeable future." ECF No. 10 at 1. Therefore, Respondents state that "Petitioner is entitled to be released from custody 'subject to supervision under regulations prescribed by the Attorney General.'" *Id.*

In light of the above, the Court finds that Petitioner's prolonged detention is unlawful and there is no "significant likelihood of removal in the reasonably foreseeable future." *Zadyvdas,* 533 U.S. at 701. Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under regulations prescribed by the Attorney General. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  April 22, 2026

_Bryan Cheeks_

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-2132-BJC-JLB